BARBARA JOYCE v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 3, 1897.

Nos. 10,839—(140).

Street Railway — Negligence — Evidence — Expert Witness—Verdict Not Excessive.

In an action for damages for negligence, resulting in injury to the plaintiff when about to alight from a street car, *held*:

(1) The evidence supports the verdict;

(2) The answer to a certain question put to an expert witness did not invade the province of the jury;

(3) The verdict is not excessive.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying a motion for judgment for defendant notwithstanding a verdict for one thousand dollars for plaintiff, or for a new trial. Affirmed.

*Munn & Thygeson,* for appellant.

*James J. McCafferty,* for respondent.

CANTY, J.

This is an action for damages for personal injury. On the trial plaintiff had a verdict, and from an order denying a new trial defendant appeals.

Defendant's train of electric cars, consisting of the motor car and trailer, was running north on Wabasha street in St. Paul. Just after the train crossed Tenth street, it stopped to take some passengers aboard. Plaintiff was the last of these passengers to board the car. She got upon the step at the back end of the trailer. She

[1] Reported in 73 N. W. 158.

testified that she stood with one foot on the step and the other on the platform, with her hand on the railing, and asked the conductor if it was a Rice street car. He answered that it was a Como car. Said the witness: "I asked him to wait a moment, so I could get off; and, just as I turned to step off the car, he gave the bell and started up the car and threw me on the street." She further testified that the car was standing still until she attempted to get off, when it started up with a jerk and threw her off, so that she fell on her side on the pavement and was injured.

There is much evidence in the case tending to prove that plaintiff stepped off the car after it had started up and run about forty feet, and fell about that distance from the crossing at which she boarded the car. Plaintiff herself testified that she fell opposite a store which stands about forty feet from the crossing. . Appellant contends that this evidence is conclusive and that, therefore, plaintiff is not entitled to a verdict in her favor. We cannot hold that the evidence is conclusive that she stepped off the car after it had run about forty feet. Plaintiff also testified that she did not know exactly where or how far above Tenth street she fell off, and another witness, who was a passenger sitting in the back end of the car, testified that the car did not move more than eight feet after it started up before she fell off; that "it was all done in two seconds' time." On this state of the evidence, we cannot say that there is no evidence reasonably tending to support the verdict.

2. A medical expert called as a witness by plaintiff was asked the following question:

"Q. She says that on the 22d day of August she was attempting to get off a street car, and the car started suddenly and threw her, and she fell with considerable force on the ground, striking on her head and arm and shoulder and hip; and that it brought upon her this condition that she complains of, particularly about her menstruation. She says prior to that time she was strong and well, and after that time she commenced to be sick every two weeks. Would a fall of that kind probably bring about such a condition as she described?

Objected to as incompetent, calling for a conclusion, invading the province of the jury. Objection overruled. Exception by defendant.

A. Yes, sir; it would."

This is assigned as error. The only part of this objection that it is necessary to consider is that the question and answer to it invades the province of the jury; and that is disposed of against appellant by the case of Donnelly v. St. Paul, supra, page 278.

3. It is also assigned as error that the verdict for one thousand dollars is excessive. While the verdict is large, we cannot say that it is so excessive that an appellate court should set it aside or reduce it. Plaintiff's evidence tended to prove that, as a result of the injury, she was sick in bed for two weeks, her side, head and hip were bruised and swollen, and her arm was made numb, lame and stiff; that she was not able to do any work from the time of the injury in August until the following March; that at the time of the trial, seven months after the injury, her arm and head still troubled her and she was suffering with derangement of her menstruations, which had become irregular.

It was discretionary with the court to allow the conductor, who was called as defendant's witness, to state on cross-examination that he was not the regular conductor, and that there was no other conductor on the train.

This disposes of the case, and the order denying a new trial is affirmed.